BROWN COUNTY v. JOHN LAMPERT.

FILED MAY 3, 1906. No. 14,327.

Counties: PRISONERS: MAINTENANCE. Where a prisoner is convicted in the first instance of a felony, and the judgment of conviction is suspended by the supreme court and he is remanded to the custody of the sheriff of the county in which the offense is alleged to have been committed, and the judgment of conviction is reversed by this court, and at a new trial the defendant is acquitted, the county in which the offense is alleged to have been committed, and not the state of Nebraska, must pay the cost of keeping and maintaining such prisoner between the time of his first conviction and the time of his final acquittal.

ERROR to the district court for Brown county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*William M. Ely,* for plaintiff in error.

*P. D. McAndrew, contra.*

OLDHAM, C.

John Lampert, defendant in error in this suit, is sheriff and *ex officio* jailer of Brown county, Nebraska. As sheriff of said county he filed his claim with the county board for

the statutory fees for keeping Fred M. Hans as a prisoner in the county jail in said county from the 7th day of January, 1904, to the 19th day of August of the same year. The claim was disallowed by the county board, and an appeal was taken to the district court for Brown county, where the action of the county board was reversed and the claim allowed. To reverse this judgment the county brings error to this court.

There is no dispute that the fees claimed are the proper statutory allowance for the keeping of the prisoner, but the county's contention is that on the 24th day of October, 1903, the prisoner Hans was sentenced by the district court for Brown county to imprisonment for life in the state penitentiary, and that from the time of his conviction and sentence until the time of his subsequent acquittal the cost of his confinement should be paid by the state, and not the county. Section 378 of the criminal code is as follows: "The cost of keeping and maintaining any prisoner after his conviction of any offense punishable by imprisonment in the penitentiary, wheresoever he may be kept and confined, shall be paid by the state, according to the rate which may be established by law at the time when such services may be rendered or expenses incurred; *Provided,* The rate so established shall not be construed to apply to any contract which the governor may make for the confinement of convicts in the penitentiary of a state."

The contention of the county is that under this section of the criminal code the state, and not the county, should pay the sheriff's claim. There is no doubt that if the conviction of Hans had been affirmed by the supreme court this contention would be well founded; but the record shows that after the conviction of Hans the judgment of conviction was suspended by order of the chief justice of this court until a hearing could be had on a petition in error; that the order of suspension recited: "It is further ordered that the said Fred M. Hans be committed to the custody of Brown county to be imprisoned in the county jail of said county until the case in error is disposed of."

It also appears from the record that at the hearing of the error proceeding in this court the judgment of the district court was reversed and the cause remanded for further proceedings (*Hans v. State,* 72 Neb. 288)., and that at a new trial had in the district court at the April term thereof, 1905, Hans was acquitted of the offense charged against him. Now section 380 of the criminal code provides: "The costs of keeping and maintaining any prisoner previous to his conviction of an offense punishable by imprisonment in the penitentiary, or either before or after his conviction of an offense not so punishable, or when he shall not be convicted of any offense, shall be paid by the county in which the offense may be committed, or alleged to have been committed." While it is true that at the first trial in the district court Hans was convicted of a felony, yet by the judgment of this court such conviction was set aside and held for naught, and the case was remanded for a new trial under the opinion of this court. At the new trial Hans was acquitted, so that the charge for the cost of keeping and maintaining him while a prisoner was the cost of keeping a prisoner who was not convicted; and under section 380, *supra,* that cost should be paid by the county.

We therefore recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.